*1337 OPINION.
Love :
The evidence in the record clearly shows that petitioner was engaged in the business of wholesale and retail merchants of coal and coke on March 1, 1913, and for a number of years prior thereto. The evidence also shows that in such business petitioner had, on March 1,1913, a valuable good will asset.
It is admitted and we have so found that on April 28, 1920, petitioner sold its retail business for $36,510, and that the tangible assets sold in that deal had a value at that date of $2,143.17. The difficulty we encounter is to ascertain and determine what petitioner sold, and what the purchaser bought in that deal. Did the purchaser only eliminate a formidable competitor ? There is no evidence to indicate whether or not the purchaser operated the retail business, after the deal, from the same yard or stand; whether or not it acquired the right to use and did use the name of Devoy and Kuhn Coal and Coke Company, or that it acquired the right to use the trade-mark, “ Economy Coal ”; nor is there any evidence that a list of old patrons was furnished the purchaser. The record is ominously silent on what was included in the deal. The contract of sale and purchase is not before us.
It is clearly evidenced by the record that petitioner continued in the wholesale part of its business after the deal. The record therefore indicates that the purchaser accomplished nothing and got nothing by the deal (other than a small amount of physical assets) except to eliminate a competitor. Elimination' of a competitor is not equivalent to acquisition of good will, as that term is used in questions of the kind we now have under consideration. See Philip Green, 8 B. T. A. 730; Pevely Dairy Co., 1 B. T. A. 385.
Neither does the sale and simple cessation of one branch of a business, while the other branches are still carried on with all the benefits of its recognized good will unimpaired, constitute a sale of good will, unless in such sale of the part, all, or at least some, of the vital elements constituting good will, as that term is understood and used, are included in the sale and pass to the purchaser for his use and benefit.

Judgment will be entered for the respondent.